IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| Estate of TINA S. SPINDEN,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | **MEMORANDUM DECISION**<br><br><br>Case No. 1:14-cv-00132-DBP<br><br><br>Magistrate Judge Dustin B. Pead |

The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). (Dkt. 13.)  Plaintiff Tina Spinden ("Spinden") appeals the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (the Act), 42 U.S.C. §§ 401 *et seq.*, 1381 *et seq.*  Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court AFFIRMS the Commissioner's decision.

I. PROCEDURAL HISTORY

The case involves Spinden's May 2009 applications for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (the Act) (Administrative Record (Tr.) at 277–88).  *See* 42 U.S.C. §§ 401-433, 1381-1383c. Spinden alleged that she became disabled on October 24, 2008 (Tr. 35–36, 42, 386).  An administrative law judge (ALJ) held a hearing and issued an April 29, 2011 decision (Tr. 124–35).  The Appeals Council vacated that decision and ordered the ALJ to obtain and

consider additional evidence and consider additional issues (Tr. 141–43). The ALJ then rendered a *de novo* decision on May 6, 2013, finding that Spinden was not disabled within the meaning of the Act prior to August 5, 2009, but became disabled within the meaning of the Act on August 5, 2009 (Tr. 12–25). The Appeals Council denied Spinden's request for review (Tr. 1–4, 7), making the ALJ's decision the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210(a). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II. STATEMENT OF RELEVANT LAW

### a. Definition of disability under the Act

The Act states that an individual "shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The inability to perform such work must last, or be expected to last, at least 12 consecutive months. *See Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002).

### b. Process for determining disability under the Act

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process. That process requires the adjudicator to consider whether a disability claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition that met or medically equaled the severity of a listed impairment; (4) could return to [her] past relevant work; and, if not, (5) could perform other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a

decision regarding the claimant's disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary.  *Id*.

### c.  Standard of review

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (internal quotation and citation omitted).  The Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *Id.*  Where the evidence as a whole can support either the agency's decision or an award of benefits, the court must affirm the agency's decision.  *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## III. DISCUSSION

On appeal, Spinden raises two objections to the ALJ's decision.  First, Spinden argues that the ALJ did not properly consider and weigh the opinion of Mark Corgiat, Ph.D., who conducted a consultative psychological examination in September 2009 (Tr. 517–21).  Second, Spinden argues that the ALJ improperly evaluated the credibility of her hearing testimony that she could not work due to mental symptoms.

### a.  Dr. Corgiat's report is not inconsistent with the ALJ's decision.

An ALJ must consider the opinions of acceptable medical sources, such as psychologists. 20 C.F.R. §§ 404.1527(c), 416.927(c).  Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including her symptoms, diagnosis and prognosis, what she can still do despite her

3

impairment(s), and her physical or mental restrictions. *Id*. at §§ 404.1527(a)(2), 416.927(a)(2). If the ALJ's findings conflict with the opinion of an acceptable medical source, he must explain why the opinion was not adopted. Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *7.

Here, after examining Spinden, Dr. Corgiat assessed that Spinden suffered from anxiety disorder and major depressive disorder (Tr. 520). He explained that Spinden did not have agoraphobia, but "simply has significant anxiety whenever she is confronted with any novel or unpredictable situation" (Tr. 517–19). Based on Spinden's reports, he noted that she had been largely dysfunctional for several years, had received treatment for depression and anxiety, and was currently experiencing significant symptoms related to those conditions (Tr. 521). Of note, he did not opine that Spinden could not or should not work (Tr. 517–21).

The ALJ discussed Dr. Corgiat's opinion in his decision (Tr. 19). The ALJ did not express a particular weight he had assigned to Dr. Corgiat's opinion. The ALJ did, however, state that he had determined that "the medical record does not contain any opinions from treating or examining physicians indicating that [Spinden] was disabled or that she had limitations greater than those determined in this decision prior to August 5, 2009" (Tr. 22); the date on which the ALJ found Spinden to be disabled (Tr. 25).

The Court is convinced that the ALJ adequately considered and addressed Dr. Corgiat's opinion and that substantial evidence supports the ALJ's conclusion that his decision was consistent with Dr. Corgiat's opinion through August 5, 2009. For example, the ALJ apparently accepted Dr. Corgiat's assessment that Spinden's generalized anxiety disorder and depression were significant conditions when he found them to be severe impairments at step two of the Commissioner's five-step sequential evaluation (Tr. 15). Among other limitations, the ALJ

found that Spinden's decreased attention and concentration would limit her to simple, routine work; occasional job contact with coworkers and supervisors; and, "due to some minor difficulty adapting to changes, she requires a slightly longer than average time to adjust to changes in routine" (Tr. 16).   Based on the evidence of record, the ALJ could reasonably conclude that these limitations were consistent with Dr. Corgiat's findings (Tr. 517–21).

Although Dr. Corgiat did state that Spinden had been "largely dysfunctional for several years," the Court finds no basis in the administrative record or relevant law that such a statement should be interpreted as "disabled" or "unable to work." Such an interpretation is not justified by the record here. Two state agency psychologists considered Spinden's medical records, including Dr. Corgiat's examination report, and assessed mental functional limitations largely consistent with the ALJ's residual functional capacity finding (Tr. 16, 22, 531-44, 553–55, 582).   And, as the ALJ noted, Spinden testified that although she had significant depression- and anxiety-related symptoms, being busy and doing constructive things might decrease those symptoms; that she never had any problems getting along with coworkers; that she helped take care of her disabled mother and daughter; and that she had no problem using public transportation (Tr. 17–18, 48–49, 62, 89–92, 100–01).

In short, the Court agrees with the Commissioner that the ALJ's decision demonstrates that he adequately considered and addressed Dr. Corgiat's opinion.

    **b.**    **The ALJ did not err in his evaluation of Plaintiff's credibility**

An ALJ considers a variety of factors when evaluating a claimant's testimony about her pain and other symptoms, including mental symptoms.   20 C.F.R. §§ 404.1529(c), 416.929(c). An ALJ may consider the consistency of an individual's statements, both internally and with

other information in the case record.  SSR 96-7p, 1996 WL 374186, at *5.  If a claimant performs significant work, an ALJ may find that work indicates the claimant was "able to do more work than [she] actually did," even though the work performed was not substantial gainful activity.  20 C.F.R. §§ 404.1571, 416.971.  If an ALJ's credibility findings are supported by substantial evidence, those findings merit particular deference.  *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." (quotation and citation omitted)).

Although Spinden alleged that her depression and anxiety were disabling, she also testified that her medications helped alleviate her symptoms. (Tr. 52–53) Spinden further testified that: she helped take care of her disabled mother and disabled adult daughter (Tr. 82, 89–92; 106, *see also* Tr. 518); she could take public transportation without difficulty (Tr. 62); that she could care for herself and help clean the living area she shared with her mother and daughter (Tr. 89–92); and she never had problems getting along with coworkers (Tr. 59). Further, as discussed above, Spinden admitted that it was possible for her to consistently work five days a week, eight hours per day, depending on her degree of depression and anxiety, and that doing something constructive might actually decrease her symptoms from those conditions (Tr. 100–01).  It was reasonable for the ALJ to conclude that Spinden's other statements and her ability to perform activities requiring significant responsibility and contact with others contradicted her allegations of disabling depression and anxiety. Accordingly, this Court agrees with the Commissioner that the ALJ's credibility findings are supported by substantial evidence and should not be disturbed.

## IV. CONCLUSION

The Commissioner's decision is supported by substantial evidence and free from harmful legal error. Accordingly, IT IS HEREBY ORDERED that the ALJ's determination that Spinden be denied Social Security benefits be AFFIRMED.

Dated this 16th day of September, 2015.

_____
DUSTIN B. PEAD
UNITED STATES MAGISTRATE JUDGE